UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SUZANNE HARNDEN,

               Plaintiff,

v.

SAINT CLAIR COUNTY,
MICHIGAN SHERIFF
DEPARTMENT, TIM
DONNELLON; DETECTIVE
COLEEN TITUS; DEPUTY
RANDALL GOBEYN; SAINT
CLAIR COUNTY PROSECUTING
ATTORNEY'S OFFICE;
MICHAEL WENDLING and JOHN
WALKE,

               Defendants.

_____/

Case No. 2:16-cv-13904
District Judge Mark. A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DE 13)

I.    **RECOMMENDATION**:  The Court should grant Defendants Saint Clair County Sheriff Department, Tim Donnellon, Coleen Titus, Randall Gobeyn, Saint Clair County Prosecuting Attorney's Office, Michael Wendling, and John Walke's (collectively, the "County Defendants") motion to dismiss.

II.   **REPORT**

   **A.  Background – Prior Lawsuits**

   This is one of four lawsuits filed in this Court *in pro* per by Plaintiff Pamela

Harnden in the past two years, stemming from actions taken by state and local

government officials, resulting in the questioning and/or temporary removal of

Plaintiff's natural, adoptive and foster children.  Plaintiff alleges that she and her

husband ultimately prevailed at the conclusion of various state court proceedings

which sought to remove the children from their care and custody.  More

specifically, and pertinent to this motion, she alleges that March 15, 2010 is the

date on which the government's second case against them was closed.  (DE 1 at 2.)

   Plaintiff's first lawsuit concerning these events, filed by Plaintiff and her

husband for themselves and "on behalf of their then minor children" on August 5,

2015, was brought against the children's school district, various officials therein,

and the local police department.  Judge Goldsmith adopted my report and

recommendation, overruled Plaintiff's objections thereto, and dismissed that

lawsuit on May 16, 2016, finding that there is no private right of action for

kidnapping and that all of Plaintiff's claims were barred by the applicable statutes

of limitation.  (Case No. 15-12738, DE 29.)  Undeterred by this Court's

pronouncements in that case, Plaintiff filed three more lawsuits, including the

instant one, slightly less than six months later, on November 3, 2016, asserting the

same claims against new parties.[1]  The new defendants in all three cases likewise moved for dismissal on various grounds, including sovereign immunity, qualified immunity, and because the claims are time-barred.  On July 17, 2017, Judge Goldsmith largely adopted my report and recommendation in Plaintiff's lawsuit against the Michigan Department of Human & Health Services defendants, over Plaintiff's objections (Case No. 16-13906), and dismissed that lawsuit because: (1) the claims against the Michigan Department of Human and Health Services, and the state government employees in their official capacities, are barred by sovereign immunity; and, (2) all other claims are barred by the applicable statutes of limitations, *were not tolled by the criminal investigation initiated by Plaintiff*, and the kidnapping claim—for which there is no private cause of action—does not excuse this case from the applicable limitations statutes.  (Case No. 16-13906, DEs 18 and 21.)[2]

---

[1] At the recent oral argument on this motion, Plaintiff stated that she filed these new lawsuits after she had an opportunity to conduct more research and found better case law on which to rely.

[2] Judge Goldsmith did not adopt my suggestion that the Court should consider enjoining Plaintiff from filing future lawsuits without prior court approval. For the sake of completeness, my R&R also reported that Plaintiff's case is not barred by the *Rooker-Feldman* doctrine.  (Case No. 16-13906, DE 18 at 17-19.)

**B.      Background – The Instant Lawsuit**

The underlying facts in this matter have been extensively laid out and

discussed in the Court's prior orders in the two matters which have previously been

decided in Case Nos. 15-12738 and 16-13906.  Accordingly, I will only address

here those facts necessary to decide the instant motion to dismiss.

In the present lawsuit filed against the County Defendants, Plaintiff

asserts—as she has in her other lawsuits—claims of "Kidnapping, Gross

Negligence, Civil Rights Violations, [and] Civil Conspiracy."  (DE 1 at 1.)

Plaintiff alleges "abuse of our family by [the] Michigan Department of Human

Services, Saint Clair County Prosecutor's Office and Saint Clair County 31st

Circuit Court" arising out of an "abuse/neglect case" that was opened October 22,

2008 and a concurrent second case opened January 12, 2010.  (*Id.* at 2.)  Plaintiff

alleges that the "Prosecutor, Sheriff Detective, and Sheriff Deputy … willingly

participated in a conspiracy with the Michigan Department of Human Services and

the Courts in an effort to obtain federal funds by the illegal seizure of children."

(*Id.* at 6.)  Specifically, Plaintiff alleges that on October 20, 2008—"the beginning

of a 17 month nightmare"--Child Protective Services (CPS) initiated an

investigation of the Harnden Family centered on a claim that Plaintiff's 15 year old

son hit Plaintiff's adopted daughter with a metal rod.  (*Id.* at 8.)  Plaintiff's son was

arrested by the Sheriff's Department for domestic violence/aggravated assault,

4

CPS workers removed the foster children from Plaintiff's home, and Plaintiff and her husband were investigated for possible child abuse/neglect.  (*Id.* at 11-12.)  The charges against Plaintiff's son were dismissed on November 24, 2008, "which closed the case," and the investigation into Plaintiff's family of suspected child abuse/neglect closed on March 15, 2010.  (*Id.* at 33, 61.)  Accordingly, Plaintiff's claims against the Defendants relate to events that took place between October 20, 2008 and March 15, 2010—the duration of the "17 month nightmare."  (See *id.* at 8.)  In addition, Plaintiff complains that Sheriff Timothy Donnellon failed to comply with Plaintiff's Michigan Freedom of Information Act (FOIA) requests in January and March 2011.  (*Id.* at 30-32.)

Plaintiff alleges that she and her husband "took [their] case to the Federal Bureau of Investigation … with the allegations of kidnapping, perjury and wrong-doing in the court."  (DE 1 at 2.)  The FBI is alleged to have opened the case on their behalf and made a referral to the Michigan State Police (MSP) to conduct an investigation.  (*Id.*)  Thereafter, an MSP trooper allegedly advised Plaintiff's family "to move out of the county for [their] personal safety[.]"  (*Id.*)  Plaintiff contacted the Michigan Attorney General's Office on February 25, 2010 and "was advised to seek local remedies first and if unsuccessful" then to re-contact that office.  (*Id.* at 2-3.)  Plaintiff and her husband "attempted to file [their] criminal complaints in person" with the Michigan Attorney General's Office, which "took

receipt" of them on October 31, 2011 and assigned them a case number (2011-0031278-A) on January 9, 2012; however, a division chief of that office denied pursuit of the case on March 1, 2012, due to the FBI's concurrent involvement. (*Id.* at 3.)  The Harndens again went to the FBI on March 6, 2012, because the local and state law enforcement agencies "refused to investigate ... and the FBI could take jurisdiction under the RICO act[.]"  (*Id.* at 3-4.)

According to Plaintiff, her attempts to have the harassment of her family and the violation of her civil rights prosecuted criminally came to an end on November 12, 2014, when FBI Agent Christenson called to inform them "that since the United States Attorney's Office continued to refuse the issuance of warrants for a full investigation and possible arrest, she was obligated to close our case with instruction to contact her if any future issues arise."  (DE 1 at 4.)  As discussed below, Plaintiff looks to this date—the conclusion of the FBI's involvement—as the date on which her claims accrued, or alternatively, as the date through which the pertinent statutes of limitation were tolled:

> Due to the gathering and attempted gathering of evidences [sic] for criminal charges we were unable to file our civil matters.  As the FBI discontinued the pursuit of criminal charges less than two years ago, we are within all statute of limitations for all civil matters that follow or will be discovered during the commission of this complaint.

(*Id.*)

The legal claims against the County Defendants include claims for:

Kidnapping (18 U.S.C. § 1201); False Arrest of a Minor; Gross Negligence; and,

Civil Rights Violations under the 4th, 5th and 14th Amendments.[3]  Plaintiff asks

the Court to award her damages of $100,000,000.  (DE 1 at 66.)

### C.    The Instant Motion

The County Defendants filed their motion to dismiss on March 23, 2017.

(DE 13.)  They assert that Plaintiff's claims are barred by the applicable statutes of

limitations.  According to the County Defendants, the dates of the alleged

"wrongs" that Plaintiff complains of were between October 20, 2008 and March

15, 2010, except as to the FOIA allegations, which were March 2, 2011.

Defendant argues that because this lawsuit was filed between 6½ and 8 years after

the events complained of, and over 5½ years after the FOIA response challenged,

these claims are well beyond the applicable statutes of limitations.  Specifically,

the County Defendants argue that Plaintiff's Constitutional claims are barred by

the three year statute of limitations applicable to § 1983 claims, her state law

claims of gross negligence, civil conspiracy, false arrest and false imprisonment

---

[3] The Court notes, as it did in its prior order in Case No. 16-13906 (DE 18), that
Plaintiff's pleadings grossly violate the procedural requirement that they be
"simple, concise and direct," Fed. R. Civ. P. 8(d), and go well beyond the "notice
pleading" method which is applied in federal court.  However, as before, for
purposes of this motion and taking into account Plaintiff's *pro se* status, I have
chosen to largely overlook this defect and have done my best to "construe" her
pleadings, including the legal claims she is asserting, "so as to do justice."  Fed. R.
Civ. P. 8(e).

are barred by the applicable statutes of limitations, and her Michigan FOIA claim is barred by the 180 day limitations period.  The County Defendants further argue, as previously found by this Court, that Plaintiff's claims were not tolled during the pendency of the FBI investigation. In addition, the County Defendants argue that: (a) Plaintiff's claims are "legally defective" because Plaintiff's claims against the prosecuting attorneys are barred by prosecutorial immunity; (b) Plaintiff's claims against the County entities based on the alleged actions of the individual defendants fail to state a claim; (c) the Court lacks subject matter jurisdiction over the Michigan FOIA claim; and, (d) Plaintiff cannot bring Constitutional claims based upon the arrest of her son.

Plaintiff opposes the motion.  (DE 24.)  Plaintiff conceded at the hearing that March 15, 2010 is last date regarding her claims, and that any mentioned events in her complaint are not alleged in this lawsuit as a claim. She argues, however, that the applicable statutes of limitations for her claims were tolled during the FBI investigation until it was closed on November 12, 2014.  She further asserts that "the FBI substantiated that [her] children were kidnapped" and that there is no limitations period for civil proceedings involving a kidnapping.  Plaintiff also argues that her allegations of gross negligence and other actions removed Defendants' qualified immunity and prosecutorial immunity, and that Plaintiff has

standing to bring Constitutional claims on behalf of her son, who was a minor in the 2008 to 2010 time period.

The County Defendants filed a reply brief in support of their motion to dismiss on May 17, 2017.  (DE 25.)  Defendants again argue that Plaintiff's claims are barred by the applicable statutes of limitations, and were not tolled during the pendency of a criminal investigation, consistent with this Court's previous findings.  Defendants further assert that, in this motion to dismiss, they accept Plaintiff's allegations as true and do not accuse Plaintiff of lying.

### C.    Standard

Defendants frame their motion as a motion to dismiss brought pursuant to Rule 12(b)(6) and/or Rule 56(c).  However, they filed an answer to Plaintiff's complaint on November 28, 2016, but filed the instant motion to dismiss on March 23, 2017.  Rule 12(b) provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  However, pursuant to Rule 12(h), the Court construes Defendants' "late" Rule 12(b)(6) motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  *See Sheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion).

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b).  *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted).  When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v.*

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[4]

---

[4] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

**D.    Discussion**

**1.    The Limitations Periods Have Run on Plaintiff's Claims**

As referenced above, the County Defendants assert that Plaintiff's complaint should be dismissed because it is time-barred, because it fails to state a claim upon which relief can be granted, and because Defendants are protected by various immunities.  Because I conclude that this action, like the prior two matters based upon essentially the same factual scenario and timeline, can be dismissed on the basis of the statute of limitations alone, I will not address Defendants' additional arguments.[5]

As best as the Court can discern, Plaintiff brings constitutional claims pursuant to 42 U.S.C. § 1983, as well as state-law claims for gross negligence, civil conspiracy, and "kidnapping"—which may be construed as state common law claims for false imprisonment, false arrest or malicious prosecution.

**a.    Plaintiff's Claims under 42 U.S.C. § 1983**

Plaintiff does not specify in her complaint that this action is brought pursuant to 42 U.S.C. § 1983.  However, the causes of action raised in the

---

[5] I do note, however, that Plaintiff's Complaint contains allegations—such as that "those mentioned in this suit have willingly participated in a conspiracy with the Michigan Department of Human Services (DHS) and the Courts in an effort to obtain federal funds by the illegal seizure of children"—that simply defy common sense and do not reach the threshold for plausibility required to survive a Rule 12 motion to dismiss.  *See 16630 Southfield Ltd.*, 727 F.3d at 503 ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for defendant's conduct.").

complaint involve the deprivation of rights, privileges, and immunities secured by the United States Constitution and laws, and such an action is properly brought pursuant to section 1983.  For example, Plaintiff alleges her "rights under the 4th, 5th, 6th, 8th, and 14th Amendments were violated in conjunction with other laws[,]" and "[t]he above circumstances also address the violation of all Plaintiffs' rights under the 4th, 5th and 14th Amendments of the United States Constitution as it pertains to Deputy Gobeyn and the arrest of Plaintiff's son.  (DE 1 at 7, 20-22.)[6] Accordingly, the Court will construe this action as one brought pursuant to section 1983.

There is no federal statute of limitations for section 1983 claims.  Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."  *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)).  In Michigan, the three-year statute of limitations for personal

---

[6] It is unclear if the use of the third-person-plural-possessive form of the word *Plaintiffs'*, coming immediately after the word *all*, is meant to imply that her son or other family members should be treated as parties to this lawsuit, as she argued in previous litigation, or if it is simply a misplaced apostrophe.  In any case, Pamela Suzanne Harnden is the only plaintiff identified in the pleadings (DE 1 at 1, 66-67), and as this Court made quite clear in its dismissal of her first lawsuit regarding these events, it is improper for *pro se* plaintiffs to represent the interests of their minor children or of other adults and, as it turns out, all of the Harndens' sons' claims are time-barred. (Case No. 15-12738, DE 29 therein at 10-11.)  *See also*, *Harnden v. Croswell-Lexington Cmty. Schs.*, No. 2:15-cv-12738, 2016 WL 1317942, at *1-*3 (E.D. Mich. Mar. 14, 2016) (DE 22); April 11, 2016 R&R therein at DE 26.

injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs section 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). However, the accrual of a section 1983 claim is a question of federal law, with reference to common law principles. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under those principles, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Here, Plaintiff's complaint describes events occurring from October 2008 through March 15, 2010, and Plaintiff conceded at oral argument that the last operative event for her claims was March 15, 2010. Plaintiff was, therefore, required to bring her section 1983 claims by March 15, 2013. Instead, Plaintiff filed her complaint on November 3, 2016, over 6½ years after this last event. (DE 1.) Accordingly, Plaintiff's claims brought pursuant to section 1983 are time-barred and should be **DISMISSED with prejudice**.

14

### b.    Plaintiff's State Law Claims

Plaintiff also brings claims for gross negligence, civil conspiracy, and "kidnapping," which appear to be an attempt to state a claim of false imprisonment, false arrest, or possibly malicious prosecution.

The statute of limitations period for gross negligence is three years.  Mich. Comp. Laws § 600.5805(10); *Searcy v. Cty. of Oakland*, 735 F.Supp.2d 759, 765 (E.D. Mich. 2010) ("Under Michigan law, the statute of limitations for . . . gross negligence is three years . . . .") (internal citations and quotations omitted).  The statute of limitations for claims of false arrest, false imprisonment, or malicious prosecution is two years.  Mich. Comp. Laws § 600.5805(2); *see also Mack v. Howell*, 14 F.3d 601, 601 (6th Cir. 1993).  With respect to any of the state law claims, Plaintiff's action is time-barred.  Again, Plaintiff's complaint describes the County Defendants' actions as occurring from October 2008 through March 15, 2010.  (DE 1.)  Plaintiff filed her complaint on November 3, 2016, over 6 ½ years after the latest possible date listed in her Complaint, and thus her state law claims are time-barred. And given my determination that Plaintiff's section 1983 and state law claims are time-barred, her civil conspiracy claim also fails as a matter of law. *See Cousineau v. Ford Motor Co.*, 140 Mich. App. 19, 37; 363 N.W.2d 721 (1985) ("An allegation of civil conspiracy, standing alone, is not actionable," and conspiracy "cannot exist independently of an underlying tortious act.").  Therefore,

Plaintiff's state law claims against all Defendants should be **DISMISSED with prejudice.**

### c.  Plaintiff's Michigan FOIA Claim is Time-Barred

Plaintiff also alleges that she was not provided with information required under the Michigan FOIA on March 2, 2011.  (DE 1 at 30-32.)  The statute of limitations under FOIA is 180 days.  MCL 15.240(1)(b).  Accordingly, this claim should have been raised prior to September 2011, and is over five years late, and thus time-barred.

### 2.  The Statutes of Limitations Have Not Been Tolled

### a.  The Criminal Investigation Initiated by Plaintiff Neither Delays Accrual nor Tolls the Limitations Periods

For the third time, Plaintiff argues that the criminal investigation which she initiated with the Michigan Attorney General, the MSP, and the FBI somehow extended the time within which she needed to file a civil complaint, in compliance with the respective statutes of limitations.  In both of its prior decisions, this Court rejected Plaintiff's argument that the statutes of limitations were tolled during the pendency of the criminal investigation.  In those prior cases, the Court explained that the pleadings make clear that Plaintiff was well aware of the injury that is the basis of this action in 2008, 2009, and certainly by March 15, 2010, the date on which the government's second case against them was closed.  (Case No. 15-12738, DE 29 at 6-10; Case No. 16-13906, DE 21 at 10-11.)

In her response brief, and during oral argument, Plaintiff argues that statutes of limitations may be tolled pending parallel criminal proceedings, and cites *Peden v. United States*, 512 F.2d 1099, 1103 (Fed. Cir 1975) for the proposition that "it has long been the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way." (DE 24 at 16-17.)  According to Plaintiff, *Peden* dictates that the statutes of limitation are tolled during the pendency of a criminal investigation.  While it may be true that civil proceedings may be *stayed* during the pendency of criminal proceedings in certain circumstances, this concept is inapplicable here, as there was no pending civil suit for which Plaintiff could have sought a stay during the pendency of the criminal investigation.  As Defendants explain, "[a] 'stay' of a proceeding already filed, is different than the 'tolling' of a statute of limitation for a proceeding not yet filed." (DE 25 at 4.)

As this Court cited with approval in its prior decisions, "[i]n the absence of substantial prejudice to the rights of the parties involved, [] parallel [criminal and civil] proceedings are unobjectionable under our jurisprudence."  *See Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).  Likewise, and as also quoted previously by this Court, "[i]t is clear that nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, and there is no requirement that a civil proceeding

17

be stayed pending the outcome of criminal proceedings." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). Similarly, under state law, the Michigan Court of Appeals has held that a pending criminal matter does not toll the time to file a civil action. *Atty. Gen. v. Harkins*, 669 N.W.2d 296, 302 (Mich. Ct. App. 1992). Accordingly, the applicable statutes of limitations were not tolled by the criminal investigation initiated by Plaintiff.

### b. The Kidnapping Claim Does Not Excuse this Case from the Applicable Limitations Statutes

Plaintiff again argues, as she did in her prior cases, that according to the federal criminal code at 18 U.S.C. § 3299, her kidnapping claim—based on the arrest of her son and the removal of her children from her home —may be "[i]nstituted at any time without limit." (DE 24 at 18.) Leaving aside the issue of whether Plaintiff, as a non-attorney, even has standing to pursue a kidnapping claim on behalf of another individual without being appointed his or her next friend or guardian, as this Court has twice explained, there is no private right of action under the Federal Kidnapping Act:

> Upon de novo review, this Court agrees with the magistrate judge; there is no private right of action for purported violations of the Federal Kidnapping Act. *See, e.g., Monroe v. McNairy Cnty., Tenn.*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. Feb. 6, 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); *Giano v. Martino*, 673 F. Supp. 92, 95 (E.D.N.Y. 1987) ("[T]he Federal Kidnapping Act was never intended to confer rights on the victim of a kidnapping, and does not do so by its

18

language."), *aff'd*, 853 F.2d 1429 (2d Cir. 1987) (Table). The Court finds the substantial breadth of authority on this issue persuasive and declines Plaintiffs' invitation to "take a step into the unknown[.]"

(Case No. 15-12738, DE 29 at 5; *see also* Case No. 16-13906, DE 21 at 7-9.)[7]  The Court also previously explained that Congress's use of the words "indictment" or "information" in 18 U.S.C. § 3299 was entirely appropriate and does not suggest the creation of a civil cause of action for kidnapping.  (Case No. 16-13906, DE 21 at 8-9.)[8]  Accordingly, Plaintiff lacks standing to bring a claim under 18 U.S.C. §§ 1201, 3299, and the statutes do not "excuse" the applicable statutes of limitations.

## E.  Conclusion

For the reasons stated above, the Court should grant the County Defendants' motion to dismiss (DE 13) and **DISMISS** this action **WITH PREJUDICE** as barred by the applicable statutes of limitations.

---

[7] Plaintiff argued at the hearing that she has stated an implied cause of action for kidnapping under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  However, in *Bivens*, the Supreme Court recognized an implied private action for damages action against *federal officials* alleged to have violated a citizen's constitutional rights.  42 U.S.C. § 1983 provides a parallel avenue of recovery for constitutional violations by state actors. Without addressing whether Plaintiff has or could state a *Bivens* claim for kidnapping, Defendants here are all state actors, not subject to a *Bivens* claim.

[8] As the Court explained, both an "indictment" and an "information" are "distinct methods of initiating a criminal proceeding."  An "indictment" is a "'formal written accusation of a crime, made by a grand jury and presented to a court for prosecution against the accused person,'" while an "information" is a "'formal criminal charge made by a prosecutor without a grand-jury [sic] indictment.'" (Case No. 16-13906, DE 21 at 8-9)  (quoting Black's Law Dictionary at 842, 849 (9th ed. 2009).)

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object `to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

      **IT IS SO ORDERED.**


Dated: December 4, 2017          s/Anthony P. Patti

                                            Anthony P. Patti

                                            UNITED STATES MAGISTRATE JUDGE


                                    **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record
on December 4, 2017, electronically and/or by U.S. Mail.

                                            s/Michael Williams

                                          Case Manager for the

                                          Honorable Anthony P. Patti